## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RONALD JUNIOR HANEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )      **Case No. CIV-07-466-F** |
| | ) |
| **MIKE ADDISON, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response to the petition has been filed, to which Petitioner has replied. Thus, the merits of the petition are at issue. For the following reasons, it is recommended that the petition be denied.

By this action, Petitioner challenges his convictions following a jury trial on two counts of making lewd or indecent proposals to a child under sixteen after two or more convictions for the same offense, for which he was sentenced to consecutive terms of life imprisonment without the possibility of parole.[1] Case No. CF-2004-2611, District Court of Oklahoma County, Docket; Petition, p. 2. On direct appeal the Oklahoma Court of Criminal Appeals affirmed Petitioner's convictions and sentences. Haney v. State, No. F-2005-1123 (Okla. Crim. App. Jan. 29, 2007); Petition, p. 3. Petitioner did not seek state post-conviction relief. Petition, pp. 3-4; Response, p.1, para. 4.

---

[1]The page numbers used herein are the typewritten page numbers in the upper right hand corner of the form petition. Thus, page 2 is actually, the first page of the petition.

The petition raises three grounds for relief.  In Ground One, Petitioner alleges that the Oklahoma County District Attorney violated his right to due process by improperly charging him with making lewd or indecent proposals to a child under sixteen instead of solicitation of child prostitution.  Petition, p. 6.  In Ground Two, Petitioner complains that the trial court erroneously admitted other crimes and bad acts evidence.  Id. at 7-8.  In Ground Three, Petitioner claims that his sentences are excessive and disproportionate to his convictions and the result of the trial court's failure to give the jury an 85% Rule instruction.  Id. at 9.

## I.  BACKGROUND

The following background facts are taken from the opinion of the Oklahoma Court of Criminal Appeals.  On April 24, 2004, two teenage boys, A.E. and S.B., were in the area of 12th Street near Blackwelder Avenue in Oklahoma City.  Petitioner pulled up next to A.E. in a green Chevrolet S-10 pickup and asked him if he knew of any male prostitutes in the area.  A.E. said that he did not.  Petitioner then offered A.E. $20 to engage in sexual activity.  A.E. declined and told Petitioner to leave him alone.  Petitioner asked A.E. if he had any friends who would be interested in the offer and when A.E. replied that he did not, Petitioner drove away.  S.B. overheard Petitioner's conversation with A.E. and noticed a distinctive pornographic picture of an adult male underneath the armrest in Petitioner's truck.

When A.E. arrived home shortly thereafter, he reported the incident to his aunt who called the police.  The police went to A.E.'s house to speak with him and while they were there A.E. spotted Petitioner driving his pickup around the neighborhood.  A.E.

2

pointed out the pickup to the police who pulled Petitioner over.  During a consent search of Petitioner's pickup, police found the pornographic picture that S.B. saw in the location as described by S.B.  Police brought Petitioner to A.E.'s house where A.E. identified Petitioner as the individual who propositioned him earlier.

A.E. also told the police about another encounter he had with Petitioner a few months earlier in February.  A.E. said that he had been walking down 12th Street between Indiana and Kentucky streets by himself and that Petitioner approached him in the same green pickup, struck up the same conversation about male prostitutes, and made the same sexual proposal but offered only $10 instead of $20.  A.E. said that after he declined, Petitioner asked him on that occasion as well whether A.E. had any friends who would accept the offer.  At the time of the incident A.E. told a friend about it but did not report it to an adult.  Haney, No. F-2005-1123, pp. 1-2; Response, Ex. 3.

Petitioner was arrested and initially charged with soliciting a minor and offering to engage in prostitution as a result of the two encounters with A.E.  Response, Ex. 1, p. 3.  The Oklahoma County District Attorney later amended the information to charge Petitioner with two felony counts of making lewd or indecent proposals to a child under sixteen after two or more convictions for the same offense.  Case No. CF-2004-2611, District Court of Oklahoma County, Docket; Petition, p. 6.

## II.  STANDARD GOVERNING PETITIONS FOR A WRIT OF HABEAS CORPUS

For factual and legal issues that have been adjudicated in state court, a federal district court may only grant a writ of habeas corpus if the state's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  A state court's determination is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but arrives at a different result.  Williams v. Taylor, 529 U.S. 362, 405-406 (2000).  A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the petitioner's case.  Id. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.

## III.  DISCUSSION

### A.    CHARGING CLAIM

In  Ground  One,  Petitioner  contends  that  he  was  erroneously  charged  under Oklahoma's "general" lewd acts statute, Okla. Stat. tit. 21, § 1123, which punishes a third or subsequent conviction for making lewd or indecent proposals to a child under sixteen with a mandatory term of imprisonment for life or life without parole.  He complains that his conduct fit the more "specific" crime of soliciting child prostitution, Okla. Stat. tit. 21, § 1029, which carries a maximum penalty of ten years imprisonment.  See Okla. Stat.

tit. 21, §§ 1029-1031.  Petitioner alleges that he was initially charged with violating § 1029 but that the information was amended to charge him with a violation of § 1123, which resulted in increased punishment.  Petition, p. 6; see also Haney, No. F-2005-1123, p. 3; Response, Ex. 1, pp. 3-8.

As Petitioner's trial counsel did not object to the amended information, the Oklahoma Court of Criminal Appeals reviewed this claim for plain error on direct appeal and concluded that the District Attorney had "the sole authority to decide under which statute to file charges."  Haney v. State, F-2005-1123, p. 3 attached to Response as Ex. 3. The Court explained that since Petitioner's conduct was punishable under both § 1123 and § 1029, it was not an abuse of the District Attorney's discretion to charge Petitioner pursuant to § 1123 with making a lewd or indecent proposal to a child under sixteen instead of  solicitation of child prostitution under § 1029.  Id. at 3-4.

In an opinion published shortly after Petitioner filed his brief-in-chief on direct appeal, the Oklahoma Court of Criminal Appeals held that a prosecutor's discretion to charge a defendant with a general crime is curbed when the legislature has passed a more specific statute criminalizing the behavior at issue and there is evidence supporting the elements of both.  See Franks v. State, 140 P.3d 557, 559 (Okla. Crim. App. 2006). Petitioner sought rehearing by arguing that the Oklahoma Court of Criminal Appeals failed to properly apply the Franks decision to his charging claim.  The Court disagreed and noted in a written order denying the petition for rehearing that, unlike statutes at issue in Franks (general petit larceny versus larceny of merchandise from a retailer), it is not clear that § 1029 is more specific than § 1123 because the statutes "prohibit many

5

of the same criminal acts and in certain instances, actually overlap." Order Denying Rehearing, <u>Haney v. State</u>, F-2005-1123, p 3 (Okla. Crim. App. Mar. 14, 2007); Response Ex. 4. Thus, the Oklahoma Court of Criminal Appeals concluded that "[d]ue to the overlapping nature of the offenses set forth in §§ 1029 and 1123, the limits placed on prosecutorial discretion in charging by <u>Franks</u> do not apply to this case." <u>Id.</u>

Respondent argues that Petitioner's charging claim is an issue of state law and improper for federal habeas review. Response, p. 2.

Federal habeas relief generally is not available to correct errors of state law. <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990). When a state court does not follow its own law, the error is remediable in a federal habeas action only if it deprived the petitioner of due process guaranteed by the federal constitution. <u>See</u> <u>Hicks v. Oklahoma</u>, 447 U.S. 343, 346 (1980); <u>see also</u> <u>Maes v. Thomas</u>, 46 F.3d 979, 987 (10th Cir. 1995). Consequently, federal habeas review of state law errors is limited to determining "whether the error, if any, was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." <u>See</u> <u>Williamson v. Ward</u>, 110 F.3d 1508, 1522 (10th Cir. 1997). A habeas petitioner claiming that a violation of state law deprived him of a due process guarantee carries the heavy burden to show that the state's failure to follow its own law is arbitrary in the constitutional sense meaning that it must shock the judicial conscience. <u>Aycox v. Lytle</u>, 196 F.3d 1174, 1180-81 (10th Cir. 1999).

The Oklahoma Court of Criminal Appeals distinguished Petitioner's case from the holding of <u>Franks</u> and explained its reasoning for doing so. Response, Ex. 4, pp. 2-3.

Accordingly, it does not appear that an error of state law occurred.  Assuming one did though, it did not render Petitioner's trial fundamentally unfair.

Clearly established Supreme Court precedent gives prosecutors wide discretion to make charging decisions so long as that discretion is not exercised on an improper basis.  Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).  A prosecutor may not base a charging decision on a defendant's race, religion or other arbitrary classification, including the exercise of a protected statutory or constitutional right.  Wayte v. United States, 470 U.S. 598, 608 (1985); United States v. Andersen, 940 F.2d 593, 596 (10th Cir. 1991).  But "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." Bordenkircher, 434 U.S. at 364.   When the evidence supports prosecution under different statutes, "[t]he prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone does not give rise to a violation of the Equal Protection or Due Process Clause." United States v. Batchelder, 442 U.S. 114, 125 (1979).

Petitioner does not allege that the decision to charge him with violating § 1123 was based on his race, religion or other arbitrary classification including the exercise of his protected constitutional or statutory rights.  See Petition, p. 6; Reply, p. 2.  Accordingly, if the District Attorney did charge Petitioner under § 1123 because of the severe penalty available for a third conviction as Petitioner claims, that is entirely permissible without affronting his right to due process.  See Batchelder, 442 U.S. at 125; Andersen, 940 F.2d at 596.

Petitioner alleges in his reply that he was charged with an additional count of violating § 1123 because he refused to agree to a life sentence during plea negotiations. Reply, p. 2. If true, this also does not present a due process problem because the federal courts have "rejected the argument that a prosecutor's control over charging decisions and plea bargaining practices violates due process." Andersen, 940 F.2d at 596.

As the Oklahoma Court of Criminal Appeals' determination of Petitioner's charging claim was not contrary to or an unreasonable application of clearly established federal law, Ground One does not warrant relief.

### B.    EVIDENTIARY CLAIM

In Ground Two, Petitioner claims that the trial court's admission of other crimes and bad acts evidence prejudiced his right to a fundamentally fair trial. Petition, p. 7.

At Petitioner's trial the State presented the testimony of T.T., the fifteen year-old recipient of an uncharged lewd or indecent proposal that Petitioner made on the same date as the offense committed against A.E.

> T.T. testified that . . . he was walking near Reno and Penn in Oklahoma City when he was given a ride by [Petitioner]. T.T. did not know [Petitioner] and had never seen his green pickup before. [Petitioner] asked T.T. where he was headed. T.T. said he was going to his home near 12th and Blackwelder. On the way, T.T. noticed a photograph on the front seat underneath the arm rest. The photograph was the same [pornographic picture] as that described by A.E. As they neared T.T.'s neighborhood [Petitioner] said it was the area where all the prostitutes were. [Petitioner] then asked T.T. if he wanted "[to engage in sexual activity] for some money." When T.T. replied no, [Petitioner] asked if he had any friends that would do it. T.T. again replied no. After being dropped off at his home, T.T. watched [Petitioner] drive down 12th Street. About 20 minutes later, T.T. saw [Petitioner] driving down Blackwelder. T.T. phoned the police and reported the pornographic picture in [Petitioner]'s truck but did not report [Petitioner]'s sexual proposition. T.T. subsequently identified [Petitioner] as the man with the pornographic photograph.

Haney, F-2005-1123, pp. 4-5; Response, Ex. 3; Trial Tr. 41-51.

In 1993 Petitioner was convicted of several counts of making lewd or indecent proposals to a child under sixteen and one count of kidnapping.  Trial Tr. 168-72.  Two victims of those crimes, M.F. and J.D., also testified at Petitioner's trial for the incidents involving A.E.  M.F. described his encounter with Petitioner which was very similar to T.T. and A.E.'s.  Id. at 94-97.  J.D. told the jury about his encounter with Petitioner which differed from the other witnesses' in that Petitioner propositioned J.D. after abducting him.  Id. at 105-13; Haney, F-2005-1123, p. 5; Response, Ex. 3.

In its decision on direct appeal, the Oklahoma Court of Criminal Appeals explained that this evidence was properly admitted at Petitioner's trial:

> That [Petitioner] committed the very same offense as that on trial, in a strikingly similar manner, not only on the very same day as the offense on trial but also years earlier tends to show [Petitioner] had a plan or scheme for approaching young boys in an attempt to satisfy his sexual desires . . . The similarities between the prior crimes and the criminal acts on trial are striking.  The prior crimes occurred in the same city as the crime on trial, with one of the prior crimes occurring in the same neighborhood and the very same day as the crime on trial.  All of the victims involved were young boys, ages 13 - 15, who were walking alone at the time they were approached by [Petitioner]. [Petitioner] approached all of his victims by driving up alongside of them, striking up a conversation, and then offering money in exchange for performance of a sex act. When the victims refused, [Petitioner] asked if they had any friends who would participate. Except for the case involving J.D., in which [Petitioner's] usual plan seems to have escalated into a forced abduction, when he was rebuffed by his victims, [Petitioner] simply drove away.

Haney, No. 2005-1123, pp. 8-9; Response, Ex. 3.

Respondent contends that Petitioner's evidentiary claim only concerns state law and is not proper for federal review.  Additionally, Respondent argues that the admission

of this evidence was proper and did not deprive Petitioner a fundamentally fair trial. Response, p. 10.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reversing grant of habeas relief based on alleged erroneous admission of other bad acts evidence). As with other state law issues, federal habeas courts may only review a state court's evidentiary rulings to determine whether the admission of evidence was so grossly prejudicial that it denied the petitioner a fundamentally fair trial. Williamson v. Ward, 110 F.3d 1508, 1522 (10th Cir. 1997).

The Oklahoma Court of Criminal Appeals regularly approves of trial courts' decisions to admit evidence of other crimes and bad acts to prove motive, common scheme, identity, plan, knowledge, or absence of mistake or accident. See, e.g., Holt v. State, 774 P.2d 476, 478 (Okla. Crim. App. 1989); Hale v. Gibson, 227 F.3d 1298, 1321 (10th Cir. 2000). The Oklahoma Court of Criminal Appeals determined that the other crimes evidence introduced through T.T., M.F., and J.D.'s testimony was admissible to show Petitioner's common scheme or plan because it bore the indicia of a particular method of operation. Haney, F-2005-1123, pp. 8-9. The Court reasoned that there were several "striking" similarities between the prior crimes and those on trial which established a "distinctive pattern of behavior" creating "a connection among the crimes showing a common scheme or plan." Id. These findings are entitled to deference. See 28 U.S.C. § 2254(e)(1); Hooks v. Ward, 184 F.3d 1206, 1223 (10th Cir. 1999).

Even if it was erroneous under state law to admit the other crimes evidence, before such an error entitles Petitioner to federal habeas relief, he must show that the failure to follow state law shocks the judicial conscience.  <u>Aycox</u>, 196 F.3d at 1180.  Petitioner has not made such a showing here.   T.T., M.F., and J.D.'s testimony was probative of Petitioner's methodology and Petitioner has not pointed to anything so overly prejudicial about this testimony to show that the trial court's decision to permit it was arbitrary.  <u>See</u> Petition, pp. 7-8; Reply, pp. 5-8.  All other crimes evidence is prejudicial in some sense. To exclude it on that basis alone contravenes evidentiary rules permitting its admission for certain purposes.  Petitioner must point to something more and he simply has not.

The Oklahoma Court of Criminal Appeals' resolution of Petitioner's evidentiary claim was not contrary to or an unreasonable application of clearly established federal law.  Thus, Ground Two does not entitle him to relief.

### C.    SENTENCING CLAIMS

In Ground Three, Petitioner complains that his sentences are excessive and disproportionate to his convictions.  Petition, p. 9.  He also contends that the trial court erroneously failed to instruct the jury that he would have to complete 85% of any sentence imposed  before becoming eligible for parole.  <u>Id.</u>

Oklahoma law provides for a term of life imprisonment or life without the possibility of parole upon a third or subsequent conviction for making lewd or indecent proposals to a child under sixteen.  Okla. Stat. tit. 21, § 1123.  Oklahoma law also requires anyone convicted of certain offenses to serve 85% of the sentence imposed before becoming eligible for parole.  Okla. Stat. tit. 21, § 13.1.  At the sentencing phase

of Petitioner's trial, the jury was informed that Petitioner had five prior convictions for making lewd or indecent proposals to a child under sixteen, one conviction for lewd and indecent acts with a child under sixteen, and one felony kidnapping conviction.   Trial Tr. 168-72.   The jury was not informed that Petitioner would have to serve 85% of any sentence imposed.   The jury recommended a sentence of life without the possibility of parole for each § 1123 conviction and the trial court imposed punishment accordingly. Id. at 181-82; Haney, F-2005-1123, p. 1; Response, Ex. 3.

On direct appeal, the Oklahoma Court of Criminal Appeals determined that only six of Petitioner's seven prior convictions could be considered to enhance his sentence. Haney, F-2005-1123, pp. 12-13.[2] However, the Court found that the error in advising the jury of one unusable conviction was inconsequential because six other prior convictions existed that could support the imposition of the life without parole sentences.   Thus, the Court concluded that Petitioner's sentences fell within the applicable statutory range. Id.   As Petitioner's sentences fell within the statutory range, the Oklahoma Court of Criminal Appeals refused to review them for proportionality.   Id. at 10.

Four months after Petitioner was tried, the Oklahoma Court of Criminal Appeals issued an opinion holding that, when applicable, juries should be instructed that the defendant will be required to serve 85% of any sentence imposed before becoming eligible for parole.   Anderson v. State, 130 P.3d 273, 282 (Okla. Crim. App. 2006). Reviewing Petitioner's 85% Rule argument on direct appeal, the Oklahoma Court of

---

[2]The Oklahoma Court of Criminal Appeals actually found that by excluding the one conviction, Petitioner still had five valid prior convictions.   Haney, F-2005-1123, p. 12.   However, Petitioner actually had seven prior felony convictions, and by excluding one, he still had six prior felony convictions.   Id. at p. 11.

Criminal Appeals determined that the sentencing instructions given to Petitioner's jury were sufficient even though they did not include an 85% Rule instruction.  <u>Haney</u>, F-2005-1123, pp. 13-14.  The Court reasoned that the failure to  instruct on the 85% Rule did not substantially influence the outcome because the jury did not ask any questions concerning parole and there was evidence to support the sentence.  <u>Id.</u> at 14.

As to Petitioner's sentencing claims, Respondent contends that excessive sentence claims are not subject to federal habeas review and that the 85% Rule claim is an issue of state law not cognizable in a federal habeas action.  Response, p. 11.

Generally state sentencing issues are not cognizable in a federal habeas action.  <u>See Hutto v. Davis</u>, 454 U.S. 370, 374 (1982) (noting that potential sentences are determined by legislatures and should rarely be reviewed by federal courts); <u>see also</u> <u>Dennis v. Poppel</u>, 222 F.3d 1245, 1258 (10th Cir. 2000).  Generally, federal due process review of the length of a sentence concerns only whether the sentence is within the limitation set by statute.  <u>See</u> <u>Vasquez v. Cooper</u>, 862 F.2d 250, 255 (10th Cir. 1988).   However, a sentence may also be reviewed in a habeas proceeding for "gross disproportionality" in violation of the Eighth Amendment's proscription of cruel and unusual punishments.  <u>Hawkins v. Hargett</u>, 200 F.3d 1279, 1281-82 (10th Cir. 1999).  "As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'"  <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1357 (10th Cir. 1997) (quotation omitted).

Since a third or subsequent conviction for making lewd or indecent proposals to a child under sixteen is punishable with a term of imprisonment for life or life without parole, Petitioner's sentences are within the applicable statutory range.  Thus, they present no due process problem.

Turning to Petitioner's Eighth Amendment complaint, it is constitutionally permissible for punishments prescribed for recidivist offenders to be more harsh than those for first-time offenders.  See United States v. Gurule, 461 F.3d 1238, 1247-48 (10th Cir. 2006).  Considering that Petitioner is a recidivist offender with multiple prior convictions for making lewd or indecent proposals to a minor under sixteen and one felony conviction for kidnapping, the sentences at issue here can hardly be characterized as grossly disproportionate.  That Petitioner believes he should have received a lighter sentence because the offenses were "non-violent" is immaterial because the legislature has chosen to punish repeat commission of these offenses harshly.  Reply, p. 8; see Okla. Stat. tit. 21, § 1123.  Accordingly, Petitioner is not entitled to Eighth Amendment relief from his sentences.

 Petitioner's claim concerning the failure to give an 85% Rule instruction raises an issue of state law.  In the decision establishing the requirement that a jury be instructed as to the 85% Rule, the Oklahoma Court of Criminal Appeals noted that the rule did "not amount to a substantive change in the law" and was to be applied prospectively.  See Anderson, 130 P.3d at 283.  Since an 85% rule instruction was not required at the time of Petitioner's trial, the trial court was not required to give one.

Accordingly, the trial court's failure to give an 85% Rule instruction was not an error of state law and certainly not one of constitutional magnitude.

The Oklahoma Court of Criminal Appeals' resolution of Petitioner's sentencing claims was not contrary to nor an unreasonable application of clearly established federal law. Ground Three affords no relief.

### D.    CLAIMS RAISED IN THE REPLY

Petitioner's reply raises several additional claims not asserted in the petition. Reply, pp. 2-8.  As Petitioner's failure to present these claims in the original or an amended petition deprived Respondent of the opportunity to address them for habeas review, they are not properly before the Court.  See Rule 2, Rules Governing Section 2254 Cases in the United States District Courts ("The petition must . . . specify all grounds for relief available to the petitioner . . . ."); cf. Coleman v. B-G Maintenance Mgt. of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997) (refusing to consider issue raised in reply brief); Shouse v. Jones, No. 07-6033, 2007 WL 1969687, at * 1 n.1 (10th Cir. July 9, 2007) (refusing to consider claim raised in a reply brief where the respondent had not had the opportunity to address merits or argue potential procedural defenses).[3]  Even if these claims were considered, for the following reasons they would not warrant relief.

Petitioner claims that counsel was ineffective for failing to object to the charging "error" raised in Ground One.  Reply, pp. 2-4.  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984).  As the Oklahoma

---

[3] This unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

Court of Criminal Appeals explained, it is not clear that § 1029 is more specific than § 1123 so no charging error occurred.  Thus, Petitioner is unable to show deficient performance because counsel has no obligation to make meritless arguments.  See United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995).  Petitioner also claims that the trial court should have corrected the charging "error" sua sponte.  Reply, 2.  If this claim was considered on its merits, it would not warrant relief since there was no error in the charge.

Petitioner contends that the trial court should not have admitted the pornographic picture found in his truck.  Reply, p. 7.  As federal habeas relief is generally unavailable to correct state evidentiary decisions, this claim is unavailing.  See, e.g., Welch v. Sirmons, 451 F.3d 675, 688 (10th Cir. 2006) (noting that standard for federal habeas review of state evidentiary admission is met only if the prejudicial nature of the evidence "greatly outweighed" its probative value), cert. denied, 127 S.Ct. 2971 (2007).  Moreover, admitting this  photograph was not erroneous because it was probative as res gestae evidence.  See Rogers v. State, 890 P.2d 959, 971 (Okla. Crim. App. 1995) ("Evidence is considered res gestae a) when it is so closely connected to the charged offense as to form part of the entire transaction, b) when it is necessary to give the jury a complete understanding of the crime, or c) when it is central to the chain of events.").

Petitioner complains about the sufficiency of the State's Burks notice of intent to introduce other crimes evidence.  Reply, p. 5.  This claim is not reviewable in a federal habeas proceeding.  United States v. Kendall, 766 F.2d 1426, 1441 n.6 (10th Cir. 1985)

(noting that <u>Burks</u> other crimes notice requirement is a state rule that the Tenth Circuit Court of Appeals has not adopted).

In two related claims, Petitioner complains that trial counsel was ineffective for failing to request a limiting instruction when the other crimes evidence was introduced and that the trial court should have sua sponte given a contemporaneous limiting instruction concerning the use of this evidence. Reply, pp. 5-6. Petitioner cannot prevail on either of these claims. First, even assuming counsel's failure to request a contemporaneous limiting instruction was deficient performance, no prejudice resulted from the omission because the jury was instructed as to the proper use of the evidence and juries are presumed to follow their instructions. Response, Ex. 5; <u>Turrentine v. Mullin</u>, 390 F.3d 1181, 1193 (10th Cir. 2004). Second, the trial court's failure to give a contemporaneous limiting instruction implicates a state law requirement and the failure to follow state law is remediable on habeas review only if it rendered the trial fundamentally unfair. <u>See</u> <u>Jones v. State</u>, 772 P.2d 922, 924-25 (Okla. Crim. App. 1989) (requiring a trial court to give both contemporaneous limiting instruction to jury concerning proper use of other crimes and bad acts evidence when requested by counsel), <u>overruled on other grounds by</u> <u>Omalza v. State</u>, 911 P.2d 286, 291 (Okla. Crim. App. 1995). In this case, the trial court's final instruction as to the proper use of the other crimes evidence ensured that Petitioner received a fundamentally fair trial.

Petitioner contends that the Oklahoma Court of Criminal Appeals failed to correctly and consistently apply established law to his charging and sentencing claims. Reply, pp. 2, 5. As noted, federal habeas relief based on a state court's failure to follow

its own law is available only when the failure is so arbitrary that it shocks the judicial conscience. Aycox, 196 F.3d at 1180. Petitioner has not made such a showing here because the Oklahoma Court of Criminal Appeals' decision applied Oklahoma law as it stood at the time of Petitioner's direct appeal and the order denying rehearing explained why the Court viewed Franks as distinguishable and that an 85% Rule instruction was not required at the time of Petitioner's trial. These interpretations of state law are entitled to deference. Hogan v. Gibson, 197 F.3d 1297, 1305 n.5 (10th Cir. 1999). Thus, there is nothing arbitrary or capricious about the resolution of Petitioner's claims on direct appeal.

### IV.    EVIDENTIARY HEARING

Petitioner also asks the Court to hold an evidentiary hearing. Reply, p. 11. A habeas court's ability to hold an evidentiary hearing is limited. See 28 U.S.C. § 2254(e)(2). If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(i)-(ii). If a petitioner crosses this hurdle, he still must show that the facts underlying his claim would "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Id. § 2254(e)(2)(B). A petitioner has failed to develop his claim if "there is a lack of diligence, or some greater

18

fault" on his part.  <u>Young v. Sirmons</u>, 486 F.3d 655, 679 (10th Cir. 2007) (quoting <u>Williams v. Taylor</u>, 529 U.S. 420, 432 (2000)).

Petitioner has not shown that he diligently sought to develop a factual record of his claims in state court.  He did not move to have additional evidence included in the record on direct appeal or pursue state post-conviction relief.  Response, Ex. 1, p. 21. Thus, Petitioner has not demonstrated that he diligently pursued the factual development of his claims in state court.  Under these circumstances, the Court should deny Petitioner's request for an evidentiary hearing.  <u>See</u> § 2254(e)(2).

<u>**RECOMMENDATION**</u>

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus be denied. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 8, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 18th day of September, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE